kaw

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-40019-JAR |
| | ) | |
| WILLIAM J. BELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Before the Court is defendant William J. Bell's Motion to Suppress Evidence (Doc. 44). A suppression hearing was held on December 22, 2008. The Court has reviewed the briefs and is ready to rule. For the reasons detailed below, defendant's motion is denied.

**Background**

Defendant Bell is charged with carjacking in violation of 18 U.S.C. § 2119 and 2. Section 2119 provides that "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall" be guilty of a crime against the United States. The carjacking occurred on January 8, 2008. Bell was arrested on January 18, 2008, on unrelated charges. Officers investigating the carjacking learned that the perpetrator of the carjacking had stolen the victim's nylon wallet, house keys, phone, credit cards, as well as the car keys to the stolen vehicle. Officer Braden Palmberg had also learned that someone used the victim's credit card at a liquor store in Lawrence, Kansas. The liquor store maintained a surveillance camera tape of transactions, including the transaction in which someone had used the victim's credit card.

Officer Palmberg viewed the tape and recognized the person using the victim's stolen credit card was Bell.  Palmberg noted that Bell was wearing a brightly colored shirt with cartoon drawings at the time of the liquor store transaction.

After viewing the tape, and subsequently learning that Bell was in custody, Palmberg went to the jail.  Property taken from Bell at the time of his arrest was stored in the jail's property room.  Palmberg testified that based on his training and experience he believed that there was no reasonable expectation of privacy in property stored in the jail property room, and that he had never sought a search warrant to conduct a search of such property.   Duly following the jail's policies and procedures for obtaining access to the property, Palmberg searched the bag of property taken from Bell at the time of his booking.  Palmberg found a wallet that matched the description of the victim's wallet, a key that was later determined to be the key to the victim's stolen vehicle, and three shirts, including the brightly colored cartoon pattern shirt that Bell was wearing during the liquor store transaction and at the time of booking.  Bell was subsequently charged with carjacking.

**Search of Inventoried Jail Property**

Defendant Bell argues that Officer Palmberg violated the Fourth Amendment in conducting a warrantless search of his property stored in the jail property room.  The government argues that there is no reasonable expectation of privacy in property stored in the jail's property room, just as there is no reasonable expectation of privacy in property stored in a police evidence room.  The government further argues that with respect to the victim's key and the wallet, there is no reasonable expectation of privacy in property stolen from another.

2

The Fourth Amendment guards against unreasonable searches and seizures.[1]  A warrantless search may be unreasonable if the defendant had a reasonable expectation of privacy.[2]  "In determining whether a search of an object has infringed upon a person's Fourth Amendment rights, the court must consider two factors: (1) whether the defendant has manifested a subjective expectation of privacy in the object of the challenged search, and (2) whether that expectation of privacy was objectively reasonable."[3]

It has been plainly stated that "[a] person lawfully arrested has no reasonable expectation of privacy with respect to property properly taken from his person for inventory by the police. Later examination of that property by another law-enforcement officer is, therefore, not an unreasonable search within the meaning of the Fourth Amendment."[4]    In *United States v. Edwards*, the Supreme Court stated:

> once the accused is lawfully arrested and is in custody, the effects in his possession at the place of detention that were subject to search at the time and place of his arrest may lawfully be searched and seized without a warrant even though a substantial period of time has elapsed between the arrest and subsequent administrative processing, on the one hand, and the taking of the property for use as evidence, on the other. This is true where the clothing or effects are immediately seized upon arrival at the jail, held under the defendant's name in the 'property room' of the jail, and at a later time searched and taken for use at the subsequent criminal trial.[5]

Of course, the Supreme Court did not directly address the constitutionality of the

---

[1]*United States v. Barrows*, 481 F.3d 1246, 1248 (10th Cir. 2007).

[2]*Id.* (citing *United States v. Anderson*, 154 F.3d 1225, 1229 (10th Cir.1998)).

[3]*United States v. Gama-Bastidas*, 142 F.3d 1233, 1239 (10th Cir. 1998).

[4]*United States v. Thompson*, 837 F.2d 673, 674 (5th Cir. 1988); *see also United States v. Battle,* No. 98-3246, 1999 WL 596966, at * 5 (10th Cir. Aug. 6, 1998).

[5]415 U.S. 800, 807-08 (1974) (citations omitted).

jailhouse search of property taken in an inventory search of a detainee, noting that the

> Court of Appeals here conceded that probable cause existed for the
> search and seizure of respondent's clothing, and respondent
> complains only that a warrant should have been secured. We thus
> have no occasion to express a view concerning those
> circumstances surrounding custodial searches incident to
> incarceration which might 'violate the dictates of reason either
> because of their number or their manner of perpetration.[6]

As the government argues, there is evidence supporting a finding that Palmberg had probable

cause to search the property.  Palmberg had identified Bell as the person using the victim's

stolen credit card.  This arguably gave Palmberg a sufficient basis to seize the shirt Bell had been

wearing during the liquor store transaction.  And, having seized the shirt, which was stored with

the wallet, Palmberg noticed immediately that the nylon wallet matched the description given by

the victim whose wallet was stolen during the carjacking.

Nonetheless, irrespective of whether there was probable cause, in an unpublished opinion

in *United States v. Battle*, the Tenth Circuit held that officers could return a week after the

defendant's arrest and use the keys taken from him at the time of his arrest to see if they fit locks

of places suspected of harboring contraband.[7]  *Battle* blesses a warrantless search of property

seized as part of an inventory search and stored in the jail property room.[8]  It should be noted

that the instant case does not involve a search of the contents of a cell phone.  Nor does it

---

[6]*Id.* at 808, n.9

[7]No. 98-3246, 1999 WL 596966, at * 5; *See also United States v. Moses*, 540 F.3d 263, 272 (4th Cir. 2008) ("[A]ct of inserting the key into the lock and discovering whether or not it fit did not offend the Fourth Amendment.") (citing *United States v. Salgado*, 250 F.3d 438, 456 (6th Cir.2001)); *United States v. $109,179 in U.S. Currency*, 228 F.3d 1080, 1087 (9th Cir.2000)*; United States v. Concepcion*, 942 F.2d 1170, 1172-73 (7th Cir.1991); *United States v. Lyons*, 898 F.2d 210, 212-13 (1st Cir.1990).

[8]*Battle*, WL 596966, at * 5.

involve a search of a container; for even if the wallet is a container, as defendant suggests, Palmberg was able to identify the wallet as matching the victim's description of its appearance. Thus, the cases defendant cites about unlawful warrantless searches of cell phone memory or containers seized during an arrest, are inapposite.

In *United States v. McVeigh*,[9] the district court reasoned that the legal arrest of a person destroys the privacy expectation of a defendant in the property taken upon his arrest, thus taking it out of the realm of protection from police interests in evidence. If this were not the case, police officers would be unduly hindered in their investigations. Preventing officers from taking a "second look" at property of an arrested person would be absurd, considering that officers inventoried the property and placed it in the jail's property room in the first place.

In other Circuits, this "second look" doctrine has been applied to varying scenarios. In *Lockhart v. McCotter*, defendant argued that a subsequent search of his inventoried wallet was unreasonable under the Fourth Amendment because officers did not obtain a search warrant.[10] The Fifth Circuit reasoned that because the property was once viewed by officers and searched consistent with an inventory search, defendant had a diminished expectation of privacy in the inventoried property, and a "second look" at the wallet did not intrude upon defendant's Fourth Amendment right.[11] Similarly, in *United States v. Aldaco*, the Fifth Circuit concluded that a "second look" at the defendant's wallet that was inventoried in the police property room was not

---

[9]940 F. Supp. 1541, 1556 (D. Colo. 1996).

[10]782 F.2d 1275, 1279 (5th Cir. 1986).

[11]*Id*. at 1280.

unreasonable under the Fourth Amendment where police had lawfully discovered the property.[12]

Here, even if defendant had a subjective expectation of privacy in the property taken from him in an inventory search, the law is not prepared to recognize defendant's view as objectionably reasonable.  The key and wallet were not the property of the defendant at all, but stolen from the victim of the carjacking.  As such, society does not find there to be a reasonable objective expectation of privacy.[13] And there can be no expectation of privacy in mere clothing worn by the defendant at the time of his arrest.  As the government argues, this clothing, as well as the key and wallet, are the types of items that incarcerated people are not entitled to possess, for legitimate reasons surrounding the penal institution's ability to secure and keep safe the inmate population.  Because the Court concludes that the search of defendant's jail property was reasonable, there is no need to address the inevitable discovery argument.

**IT IS THEREFORE ORDERED THAT** defendant's Motion to Suppress Evidence (Doc. 44) is denied.

Dated:  <u>February 4, 2009</u>

<u> S/ Julie A. Robinson        </u>
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[12] 477 F.3d 1008, 1015-16 (5th Cir. 2007); *see also United States v. Jenkins*, 496 F.2d 57, 73 (2d Cir. 1974) (upholding the second look doctrine when the initial arrest and search was lawful); *Barry v. Ficco*, 392 F. Supp. 2d 83, (D. Mass. 2005) (finding that even though defendant was arrested for a separate incident, the taking of his shoes for a different investigation did not require a search warrant).

[13] *See United States v. Caymen,* 404 F.3d 1196, 1200 (9th Cir. 2005) ("The Fourth Amendment does not protect a defendant from a warrantless search of property that he stole, because regardless of whether he expects to maintain privacy in the contents of the stolen property, such an expectation is not one that 'society is prepared to accept as reasonable.'"  A legitimate expectation of privacy means more than a subjective expectation of not being discovered . . . .  Whatever possessory interest a thief may have, that interest is subordinate to the rights of the owner.") (citations omitted).